[No. 39267.     Department Two.     March 14, 1968.]

ETTA A. WHITE, *Respondent*, v. RICHARD B. HOLM *et al.,*
*Appellants.**

*Reported in 438 P.2d 581.

*Lynch & Lynch* and *John S. Lynch,* for appellants.

*Torbenson, Thatcher, Stevenson & Burns* and *Larrie E. Elhart,* for respondent.

HAMILTON, J.—Defendants appeal from an order denying their motion to vacate a default judgment claimed against them by plaintiff. We reverse the order and remand the cause for trial on the merits. The pertinent facts are these:

At approximately 11 a.m., on August 31, 1965, plaintiff, Etta A. White, an elderly woman, was walking east on the sidewalk adjoining Fourth Avenue, in downtown Olympia, Washington. At the same time defendant Richard B. Holm was leaving the recessed entryway of his place of business, the Holm Enterprise Realty, which abutted on the sidewalk. As Mr. Holm reached the sidewalk and turned west, he collided with Mrs. White. As a result, Mrs. White fell to the sidewalk and sustained various injuries, including a fracture of the left thigh bone.

On April 6, 1966, plaintiff filed a claim for relief in the Superior Court for Thurston County, alleging negligence on the part of Mr. Holm and seeking compensation for her injuries. Process was served on defendants April 11, 1966. In the meantime, Mr. Holm had heard a radio newscast on April 7, 1966, concerning the filing of Mrs. White's claim and had consulted with his insurance agent, an insurance adjuster, and an attorney about the matter. As a result of these conferences, and a "nonwaiver" agreement which the adjuster had requested Mr. Holm to sign, Mr. Holm was under the impression that, although coverage was questioned, his insurance carrier would provide legal counsel. Relying upon this belief, Mr. Holm did not retain the attorney he had consulted. After service of plaintiff's claim on

April 11, 1966, Mr. Holm immediately relayed the papers to the insurance adjuster, who, in turn, on April 19, 1966, forwarded them to the San Francisco, California, office of Mr. Holm's insurance carrier with a statement to the effect that the adjuster understood Mr. Holm would be represented by his own attorney until such time as insurance coverage was determined. Because of this misunderstanding as to who would provide interim legal counsel for defendants, no timely appearance or answer to the claim was made on behalf of the defendants.

On May 5, 1966, 24 days after service of the claim, plaintiff moved for a default judgment which, after testimony by Mrs. White, was granted on that date awarding damages in the sum of $16,497.

Upon learning of the entry of the default judgment, Mr. Holm, through counsel then provided by his insurance carrier, prepared a motion to vacate the judgment on May 13, 1966. This motion was filed on May 16 and served on May 18, 1966. The basis for the motion was that the defendants' failure to timely appear and answer plaintiff's claim was due to mistake, inadvertence, surprise, or excusable neglect, and that defendants had a meritorious defense. RCW 4.32.240.[1]

So far as plaintiff's claim for relief be concerned, it is essentially her contention that Mr. Holm was negligent in that he walked backwards out of the recessed entryway leading to the sidewalk from his place of business and failed to observe her presence on the sidewalk before he turned and forcibly collided with her. Mr. Holm, on the other hand, by way of his affidavit in support of the motion to vacate the default judgment, contends that plaintiff was not visible to him as he backed away from his office door; that his presence and actions in the entryway were plainly observable to Mrs. White as she approached on the side-

---

[1]In pertinent part, RCW 4.32.240 provides as follows:

". . . The court may . . . upon such terms as may be just, and upon payment of costs, relieve a party, or his legal representatives, from a judgment . . . taken against him through his mistake, inadvertence, surprise or excusable neglect."

walk; that in turning onto the sidewalk he merely brushed her with his arm; and that Mrs. White's fall was occasioned by her own evasive action. Mrs. White, in a controverting affidavit, denies that the recessed entryway or Mr. Holm's activities therein were visible to her as she approached and asserts that Mr. Holm was moving rapidly when he turned and forcibly knocked her to the sidewalk.

The trial court, in denying defendants' motion, determined that defendants had failed to show a meritorious defense to the plaintiff's claim and that the failure to timely appear or answer plaintiff's claim was due to inexcusable fault on the part of the insurance carrier.

We cannot agree with the conclusion reached by the trial court.

■ At the outset, we pause to note that a proceeding to vacate or set aside a default judgment, although not a suit in equity, is equitable in its character, and the relief sought or afforded is to be administered in accordance with equitable principles and terms. *Roth v. Nash,* 19 Wn.2d 731, 144 P.2d 271 (1943). Thus, we early took occasion to endorse the proposition that in such proceedings the court, in passing upon an application which is not manifestly insufficient or groundless, should exercise its authority liberally, as well as equitably, to the end that substantial rights be preserved and justice between the parties be fairly and judiciously done. *Hull v. Vining,* 17 Wash. 352, 49 Pac. 537 (1897).

■ In approaching the issues posed upon this appeal, we take note too of the established principle that a motion to vacate or set aside a default judgment, which is grounded upon RCW 4.32.240, is, in the first instance, addressed to the sound judicial discretion of the trial court, and that this court, sitting in appellate review, will not disturb the trial court's disposition of the motion unless it be made to plainly appear that sound discretion has been abused. *Yeck v. Department of Labor & Indus.,* 27 Wn.2d 92, 176 P.2d 359 (1947); *Borg-Warner Acceptance Corp. v. McKinsey,* 71 Wn.2d 650, 430 P.2d 584 (1967). In this vein, however, it is pertinent to observe that where the determi-

nation of the trial court results in the denial of a trial on the merits an abuse of discretion may be more readily found than in those instances where the default judgment is set aside and a trial on the merits ensues. *Agricultural & Livestock Credit Corp. v. McKenzie,* 157 Wash. 597, 289 Pac. 527 (1930); *Graham v. Yakima Stock Brokers, Inc.,* 192 Wash. 121, 72 P.2d 1041 (1937); *Yeck v. Department of Labor & Indus., supra.*

■ The discretion which the trial court is called upon to exercise in passing upon an appropriate application to set aside a default judgment concerns itself with and revolves about two primary and two secondary factors which must be shown by the moving party. These factors are: (1) That there is substantial evidence extant to support, at least prima facie, a defense to the claim asserted by the opposing party; (2) that the moving party's failure to timely appear in the action, and answer the opponent's claim, was occasioned by mistake, inadvertence, surprise or excusable neglect; (3) that the moving party acted with due diligence after notice of entry of the default judgment; and (4) that no substantial hardship will result to the opposing party. *Hull v. Vining, supra; Chehalis Coal Co. v. Laisure,* 97 Wash. 422, 166 Pac. 1158 (1917); *Yeck v. Department of Labor & Indus., supra; Hinz v. Northland Milk & Ice Cream Co.,* 237 Minn. 28, 53 N.W.2d 454 (1952); *Whitledge v. Anderson Air Activities,* 276 S.W.2d 114 (Mo. 1955).

■ The first two are the major elements to be demonstrated by the moving party, and they, coupled with the secondary factors· vary in dispositive significance as the circumstances of the particular case dictate. Thus, where the moving party is able to demonstrate a strong or virtually conclusive defense to the opponent's claim, scant time will be spent inquiring into the reasons which occasioned entry of the default, provided the moving party is timely with his application and the failure to properly appear in the action in the first instance was not willful. On· the other hand, where the moving party is unable to show a strong or conclusive defense, but is able to properly dem-

onstrate a defense that would, prima facie at least, carry a decisive issue to the finder of the facts in a trial on the merits, the reasons for his failure to timely appear in the action before the default will be scrutinized with greater care, as will the seasonability of his application and the element of potential hardship on the opposing party. *Jacobsen v. Defiance Lumber Co.*, 142 Wash. 642, 253 Pac. 1088 (1927); *Yeck v. Department of Labor & Indus., supra; Merrell v. Hamilton Produce Co.*, 55 Wn.2d 684, 349 P.2d 597 (1960).

In the instant case, it cannot be said that defendants, by the affidavits submitted in support of their motion, have presented a strong or conclusive defense. At best their motion rests upon the slender premise that the physical characteristics of the recessed entryway and the relative positions and actions of Mrs. White and Mr. Holm at the moment of and immediately before collision could, when fully explored at a trial on the merits, give rise to a factual issue revolving about either negligence on the part of Mr. Holm or contributory negligence on the part of Mrs. White, or both. *See*, Annot., Liability of pedestrian to another pedestrian injured as a result of collision between them on sidewalk, 88 A.L.R.2d 1143 (1963). In this respect, defendants' affidavits present a sufficient, although minimal, prima facie defense for purposes of their motion to vacate the judgment.

Such a tenuous, albeit prima facie, showing of a defense would clearly not warrant serious consideration of an untimely or improvident motion to vacate a default judgment. However, where, as here, the relative legal duties and responsibilities as between pedestrians moving to and on a sidewalk are not fixed and clearly determinable as a matter of law under all circumstances, the damages sought are substantial and unliquidated, the claim of default and entry of judgment for a substantial sum is punctiliously effected, and a reasonably debatable prima facie defense is promptly submitted, then the plausibility and excusability of the defaulted defendants' reason for failing to initially and timely

appear in the action deserve grave, if not dispositive, consideration.

In this latter vein the trial court, by way of a memorandum opinion, determined that defendants were not themselves at fault in failing to appear or answer plaintiff's claim for relief within 20 days after service thereof. This determination is amply supported by the affidavits tendered in connection with defendants' motion, for from them it can be readily concluded that Mr. Holm was assured by his insurance agent, as well as the attorney he consulted, that his insurer would properly defend the action on behalf of defendants, at least until the extent of insurance coverage was ascertained. The trial court felt, as do we, that Mr. Holm was entitled to rely upon these assurances. From this premise, however, the trial court went on to attribute the failure to timely respond to plaintiff's claim to defendants' insurance carrier, this upon the basis that the insurer either mislaid the documents forwarded to it by the insurance adjuster or that the adjuster erroneously advised the insurer that defendants would provide their own legal counsel. The trial court, in essence, concluded that, although it might be unfortunate that defendants may have selected an indifferent insurer, the failure to properly respond to plaintiff's claim was, for purposes of vacating the default judgment, inexcusable. Thus, any fault on the part of the insurer was imputed to defendants.

We need not now decide whether or not there was in fact any culpable neglect on the part of the insurer or its agents, for we are satisfied that in any event the instant circumstances do not warrant an imputation of any such fault to defendants, who were otherwise found to be blameless. Clearly this should be so where it appears, as it does here, that Mr. Holm promptly notified the insurance agent of plaintiff's outstanding claim, expeditiously consulted with an attorney and with the appropriate insurance adjuster, relied in good faith upon the assurances of the insurance agent and the attorney as to the insurer's responsibility in furnishing counsel, diligently complied with all requests of the insurance adjuster relative to furnishing infor-

mation concerning the accident and the plaintiff's claim, executed the "nonwaiver" agreement with the advice of the attorney he had consulted, and justifiably entertained a bona fide belief that the insurer would provide counsel to defend the action at least until such time as the extent of coverage was determined. The fact that Mr. Holm did not persistently pursue the adjuster with inquiries relative to the progress of the matter, if such failure be a significant factor in other circumstances, is mitigated somewhat in the instant case by the alacrity with which the default was claimed and the judgment entered, as well as by the promptness with which the motion to set aside the default was submitted. Under these circumstances we would be most reluctant to hold that Mr. Holm tendered the defense of the action to the insurer at his peril. *See,* Annot., Failure of liability insurer, after notification, to defend suit against insured, as warranting opening default against insured on ground of inadvertance of excusable neglect, 87 A.L.R.2d 870 (1963).

It is, therefore, our view that defendants have established that the failure to timely respond to plaintiff's claim for relief was not due to inexcusable neglect upon their part but, rather, was due to bona fide mistake, inadvertence, and surprise within the contemplation of RCW 4.32.240.

This approach and conclusion is well within the spirit of several prior decisions of this court under somewhat analogous circumstances.

In *Reitmeir v. Siegmund,* 13 Wash. 624, 43 Pac. 878 (1896), a defendant entrusted a summons to his attorney who, through mistake, failed to timely file an answer. A default judgment was entered which the trial court set aside at the instance of the defendant. In sustaining the action of the trial court, we stated it would have been a great abuse of discretion for that court to have done otherwise.

The defendant in *Titus v. Larsen,* 18 Wash. 145, 51 Pac. 351 (1897), erroneously advised his attorney as to the date the plaintiff's complaint was served upon him. A timely

appearance was not made and a default judgment was entered. The defendant promptly moved to set the judgment aside. The trial court refused. We reversed, observing that the defendant had a partial defense, that he in good faith intended to defend the action, that he exercised diligence in seeking to vacate the judgment, and that the trial court did not exercise a sound discretion in denying the defendant's application.

The defendant and its counsel failed to attend trial in the case of *O'Toole v. Phoenix Ins. Co. of Hartford, Conn.,* 39 Wash. 688, 82 Pac. 175 (1905). The trial proceeded before a jury and judgment was entered against the defendant. The defendant moved to set aside the judgment upon the grounds that its failure to appear was due to an excusable misunderstanding between respective counsel as to notice of the date of trial. The trial court denied the motion. We reversed, stating that inadvertence and mistake had been shown, and that the circumstances warranted a vacation of the judgment.

In *Kain v. Sylvester,* 62 Wash. 151, 113 Pac. 573 (1911), a defendant's good faith belief that he had employed an attorney to respond to the complaint resulted in the entry of an order of default. The trial court granted the defendant's motion to vacate the order. We sustained the trial court, holding that such a mistake was the kind contemplated by RCW 4.32.240.

An insurer's attorneys, through misunderstanding and inadvertence failed to enter a timely appearance on behalf of the defendant in *Leavitt v. DeYoung,* 43 Wn.2d 701, 263 P.2d 592 (1953). The trial court set aside the resulting default judgment upon defendant's application. We affirmed upon the grounds that the trial court's action did not constitute an abuse of discretion.

In the instant case, as we have pointed out, defendants made a showing of a prima facie defense, established mistake and inadvertence, and promptly moved for vacation of the default judgment. Furthermore, there is no showing of, nor do we find, any undue hardship which would have

accrued to plaintiff had defendants' motion been granted and a trial on the merits afforded to the parties.

We, accordingly, conclude that the trial court, in the exercise of its discretion, should have vacated the default judgment.

In view of our disposition of the case, we find no necessity to pass upon defendants' other assignment of error.

RCW 4.32.240 provides that where a judgment is set aside, as in the instant case, costs and terms may be imposed upon the moving party.

We, therefore, remand the cause to the superior court for entry of an order (a) vacating the outstanding default judgment, (b) allowing defendants to promptly answer the claim for relief, and (c) fixing a date for trial upon the merits, all conditioned upon defendants paying plaintiff's costs and actual attorneys' fees incurred upon this appeal.

FINLEY, C. J., HUNTER and NEILL, JJ., and LANGENBACH, J. Pro Tem., concur.

---

April 23, 1968. Petition for rehearing denied.