[No. 9129-8-I.   Division One.   May 24, 1982.]

JESSE THOMAS, *Respondent*, v. CREDELL GREEN, ET AL, *Appellants*.

*Greenlee & Greenlee,* by *A. Graham Greenlee,* for appellants.

*G. Richard Hill* and *John R. Jones,* for respondent.

WILLIAMS, J.—Jesse Thomas brought suit against Credell Green, his wife, and their company, Central Builders, Inc. and others for breach of contract and violations of the Consumer Protection Act. Green did not timely answer the complaint and default judgment was entered against him, the court assessing damages and attorney's fees in the amount of $17,500. Green appeals from the court's denial of his motion to vacate the default judgment. We remand for the limited purpose of redetermining damages.

Green contracted to build Thomas a 3–bedroom house in King County, but because the window in a basement room was over 43 inches from the floor, the Seattle building code forbade the room's use as a bedroom, and, consequently, the house as constructed had only two bedrooms. Green attempted to resolve this difficulty with Thomas by offering either to let Thomas rescind the purchase contract, or to construct a ledge in the basement room below the window so the room would comply with building code requirements permitting its use as a bedroom. Thomas found both alternatives unacceptable and commenced this action, filing a complaint on May 22, 1979.

Green was served with the summons and complaint on May 24, 1979, but did not appear within 20 days, and on June 14, 1979, Thomas obtained an order of default against Green. On June 21, 1979, Green filed a pro se notice of appearance and thereafter Thomas moved for a default judgment which was granted on August 16, 1979. Thomas stated in an affidavit, considered by the court at a hearing

held pursuant to CR 55(b)(2) to determine the amount of damages, that it would cost about $858 to bring the room up to code so it could be used as a bedroom, and that the value of the house was diminished by $15,000 because it had two bedrooms rather than three. The court awarded Thomas $15,000 in actual damages, and $1,000 in "consumer" damages and $1,500 in attorney's fees pursuant to the Consumer Protection Act, RCW 19.86.090, for a total of $17,500.

On June 13, 1980, Green moved to vacate the default judgment; the motion was denied on July 10, 1980. He appeals raising two issues.

The first issue is whether the court abused its discretion in denying Green's motion to vacate. Green argues that his failure to appear timely and defend was the result of inadvertence, not deliberate neglect, and, further, that he has a defense to Thomas' claim. *White v. Holm,* 73 Wn.2d 348, 352, 438 P.2d 581 (1968). To the contrary, the record shows that Green deliberately refused to appear timely to defend against Thomas' complaint, waited almost a year to file his motion to vacate the default judgment, refused to attend various supplemental proceedings and demonstrated no compelling defense. Accordingly, the court's denial of Green's motion to vacate was a proper exercise of its discretion. *Commercial Courier Serv., Inc. v. Miller,* 13 Wn. App. 98, 107, 533 P.2d 852 (1975).

The other issue concerns the determination of damages pursuant to the procedure specified in CR 55(b)(2). The correct measure of damages for the breach of a construction contract that has otherwise been substantially performed (as this one was) is the cost of remedying the defect, if that cost does not amount to economic waste. *Christensen v. Hoskins,* 65 Wn.2d 417, 397 P.2d 830 (1964) (applying Restatement of Contracts § 346 (1932)). The measure of damages is not, as the court determined, an amount equal to the diminution in the value of the house ($15,000).

Thomas' affidavit states that the defect in the basement

room can be corrected for about $858, bringing it up to code requirements so the home has three bedrooms. The court erred, as a matter of law, in selecting the diminished value of the house as the measure of damages.

An incidental issue raised by Green is whether there must be live testimony at a CR 55(b)(2) hearing. Counsel cites no case to that effect and we are aware of no authority for the proposition. Thomas was in court prepared to testify should the court have wanted supplemental information.

The judgment is affirmed except that the award of damages is vacated and the cause remanded for reassessment of damages, consistent with this opinion, pursuant to CR 55(b)(2). If appropriate, the court may assess "consumer" damages and attorney's fees under the Consumer Protection Act and may in its discretion take testimony on the damages issue as may be deemed helpful.

ANDERSEN, C.J., and CALLOW, J., concur.

Reconsideration denied September 9, 1982.