FILED
COURT OF APPEALS
DIVISION II

2013 NOV 26 AM 9:09

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| SHARIN R. METCALF, and BRYAN BOOREN, | No. 43103-3-II |
| Appellants, | |
| v. | |
| CFA/NW MORTGAGE PROFESSIONALS, a Washington State mortgage broker; CFA FINANCIAL SERVICES, INC., a mortgage lender, and BANK OF AMERICA (as successor to Countrywide Home Loans, a mortgage lender), | UNPUBLISHED OPINION |
| Respondents. | |

WORSWICK, C.J. — In this mortgage-related dispute, Sharin Metcalf and Bryan Booren

appeal from an order vacating their default judgment against CFA/NW Mortgage Professionals,

CFA Financial Services, Inc., and Bank of America (collectively, Bank of America). Metcalf

and Booren do not dispute the judgment's vacation. Instead, they argue that the trial court

abused its discretion because the order (1) conclusively determined that Bank of America was a

creditor and (2) required Metcalf to make monthly mortgage payments as a condition of an

injunction preventing Bank of America from foreclosing. Because the order did not conclusively

No. 43103-3-II

determine Bank of America's status, and because the trial court did not abuse its discretion by imposing proper conditions, we affirm.

FACTS

On January 9, 2006, Sharin Metcalf and her son, Bryan Booren, (collectively, "Metcalf") obtained two mortgages totaling $450,000 to finance the purchase of real property located in Sequim. Metcalf stopped making monthly payments "in or around January 2009." Clerk's Papers (CP) at 165.

In June 2010, Metcalf filed a ten-count complaint against Bank of America. The complaint claimed (1) breach of contract; (2) deceptive and predatory lending practices; (3) bad faith; (4) fraud and misrepresentation; (5) unconscionability; (6) breach of the implied covenant of good faith and fair dealing; (7) breach of fiduciary duty; (8) elder abuse of Metcalf, who was a senior citizen, and associated Consumer Protection Act violations; (9) conspiracy to conceal the true nature of the loans; and (10) intentional infliction of emotional distress. Metcalf served Bank of America with the complaint and a summons on August 3, 2010.

Bank of America did not respond, and in July 2011, Metcalf moved for, and was awarded, a default judgment. The judgment awarded Metcalf $537,000 in damages and enjoined Bank of America from foreclosing on the property "unless and until this default judgment is vacated or quashed." CP at 222.

Nearly four months later, in November 2011, Bank of America moved to vacate the default judgment. Metcalf opposed the motion, arguing in part that vacating the judgment would prejudice her because she was "at risk of being foreclosed upon despite the fact that [she was]

2

working with the bank on the payments." Verbatim Report of Proceedings (VRP) at 13. But the trial court noted that, if it vacated the default judgment, whether Bank of America could foreclose "would still be argued on the merits." VRP at 14.

The trial court vacated the default judgment with an order stating that Bank of America "remain[s] a creditor of [Metcalf] under the terms of the mortgage." CP at 46. But the order further stated that "the mortgage may at some point be deemed invalid under [Metcalf's] complaint." CP at 46.

In addition, the trial court imposed terms on Bank of America. Specifically, the trial court ordered Bank of America to pay Metcalf's costs and attorney fees related to the default judgment and enjoined Bank of America from foreclosing "unless and until such is authorized by the Court or this matter is no longer pending provided that [Metcalf] pay[s] the monthly mortgage payment due under the terms of the note commencing with the February 2012 payment." CP at 48.

Metcalf appeals two provisions of the order vacating the default judgment. *See* RAP 2.2(a)(10). After Metcalf appealed, Bank of America agreed to allow Metcalf to make monthly mortgage payments to the court registry. Resp't's Mot. for Additional Evidence on Review, *Metcalf v. CFA/NW Mortg. Prof'ls*, No. 43103-3-II (Oct. 15, 2012), at Ex. A, *granted by* Ruling, *Metcalf*, No. 43103-3-II (Wash. Ct. App. Nov. 13, 2012); *see* RAP 9.11.

No. 43103-3-II

## ANALYSIS

Metcalf argues that the trial court erred by including two provisions in the order vacating the default judgment: (1) a provision that conferred creditor status on Bank of America and (2) another provision that conditioned the trial court's injunction against foreclosure on Metcalf's resumption of monthly mortgage payments.[1] These arguments lack merit.

A trial court may exercise its equitable powers to vacate a default judgment. *Little v. King*, 160 Wn.2d 696, 704, 161 P.3d 345 (2007); *White v. Holm*, 73 Wn.2d 348, 351, 438 P.2d 581 (1968). In so doing, the trial court should exercise its power liberally and equitably to preserve the parties' substantial rights and do justice between them. *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 582, 599 P.2d 1289 (1979) (quoting *White*, 73 Wn.2d at 351).

This court reviews a trial court's order vacating a default judgment for an abuse of discretion. *Yeck v. Dep't of Labor & Indus.*, 27 Wn.2d 92, 95, 176 P.2d 359 (1947). A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons. *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).[2]

---

[1] Bank of America asserts, and Metcalf concedes, that Metcalf does not challenge the trial court's decision to vacate the default judgment.

[2] A decision is manifestly unreasonable if it is (1) outside the range of acceptable choices, given the facts and the applicable legal standard; (2) based on untenable grounds if factual findings lack support in the record; and (3) made for untenable reasons if it misapplies the applicable legal standard or applies an incorrect legal standard. *Littlefield*, 133 Wn.2d at 47.

4

A.    *Creditor Status*

Metcalf first argues that the trial court erred by conclusively determining that Bank of America was a "creditor" with a right to foreclose on Metcalf's property. This argument misrepresents the trial court's order.

Contrary to Metcalf's assertion, the trial court did not make a conclusive determination that Bank of America was a creditor with a right to foreclose. Instead, the trial court referred to Bank of America as a creditor while reserving judgment on Metcalf's allegations, which could invalidate the mortgage and thus prevent Bank of America from foreclosing on the property. This is clearly *not* a conclusive determination of Bank of America's status as a creditor.[3]

The trial court did not abuse its discretion when referring to Bank of America as the creditor in this mortgage dispute.[4] *See Littlefield*, 133 Wn.2d at 46-47. Therefore this argument fails.

B.    *Resumption of Monthly Payments*

Metcalf further argues that the trial court erred by conditioning its injunction against foreclosure on Metcalf's resumption of monthly mortgage payments. We disagree.

---

[3] Metcalf further asserts that it is inappropriate to decide issues of fact when resolving a motion to vacate a default judgment. We do not address this assertion because the trial court did not determine, as a matter of fact, that Bank of America is a creditor.

[4] Because the trial court did not conclusively determine that Bank of America is Metcalf's creditor and further did not make findings as to the requisites listed in RCW 61.24.030 (the statute regulating trustee's sales), we do not address Metcalf's argument that this determination will prejudice her ability to restrain a trustee's sale of the property in a possible future proceeding under RCW 61.24.130.

A trial court may set aside a default judgment "upon such terms as the court deems just." CR 55(c)(1). "'What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome.'"[5] *Griggs*, 92 Wn.2d at 582 (quoting *Widucus v. Sw. Elec. Coop., Inc.*, 26 Ill. App. 2d 102, 109, 167 N.E.2d 799, (1960)).

Metcalf appears to claim that the trial court's condition requiring her to resume monthly mortgage payments is unjust because Bank of America did not urge the court to impose it. This claim fails.

The trial court imposed this condition after asking the parties about the actions they would take if the default judgment were vacated. Metcalf's counsel stated that she would seek a temporary injunction against foreclosure. Counsel for Bank of America stated, "I don't know exactly what the bank would do. I would imagine if something couldn't be worked out or the mortgage payments were not being made, a foreclosure would follow." VRP at 15-16. The trial court's condition required Metcalf to resume monthly payments effective February 2012, the month after the hearing on the motion to vacate. The trial court did not require Metcalf to make three years' worth of missed payments between January 2009 and February 2012. By conditioning a continuing injunction against foreclosure on Metcalf's resumption of monthly payments, the trial court's determination was just under the circumstances.

---

[5] Citing no authority, Metcalf claims that "[w]hat is just and proper in a case vacating default judgment is placing the parties in a position of prior to the default order." Br. of Appellant at 14. We decline to adopt this hard and fast rule.

Given the facts of this case, the trial court's decision was not manifestly unreasonable, based on untenable grounds, or made for untenable reasons. *See Littlefield*, 133 Wn.2d at 46-47. Therefore the trial court did not abuse its discretion, and Metcalf's argument fails.[6]

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, C.J.

We concur:

_____
Hunt, J.

_____
Johanson, J.

---

[6] In addition to arguing that the trial court's order was erroneous, Metcalf also argues that the trial court's order was ambiguous. Specifically, Metcalf asserts that the following passage is ambiguous:

> Additionally, the Bank of America shall cease and desist from non-judicial foreclosure unless and until such is authorized by the Court or this matter is no longer pending provided that [Metcalf] pay[s] the monthly mortgage payment due under the terms of the note commencing with the February 2012 payment.

CP at 48. Metcalf asserts that the passage could mean that the proviso about Metcalf's monthly mortgage payment applies either (1) if the trial court has authorized foreclosure or if this matter is no longer pending, or (2) *only if* this matter is no longer pending. We do not decide whether the passage is ambiguous because doing so would not affect the outcome of this appeal. Instead, the parties may move the trial court to clarify its order.

7