IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| Frank DeCaro, as personal representative for the ESTATE OF JESSICA ALVARADO, | ) ) ) ) | No. 34201-8-III |
| Appellant, | ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| SPOKANE COUNTY, | ) ) | |
| Respondent. | ) ) ) | |

KORSMO, J. — Frank DeCaro, as representative of the estate of his daughter, Jessica Alvarado, appeals a Spokane County Superior Court ruling vacating a default judgment obtained against Spokane County (County). Concluding that the Estate failed to establish any error by the trial court, we affirm.

FACTS

This case arises from the tragic death of Ms. Alvarado in the Spokane County Jail on August 13, 2012. The Estate filed a tort claim with the county on July 17, 2015, requesting $8,000,000. The County did not respond. The Estate then filed suit on September 18, 2015, alleging wrongful death, a survival action, and negligence in failing to address Ms. Alvarado's medical needs. The complaint was served on the Spokane

No. 34201-8-III
*Frank DeCaro, et al v. Spokane County, et al*

County Auditor's Office on September 22, 2015. The matter was forwarded to the county's risk manager.

The risk manager apparently failed to forward the notice to defense counsel. No appearance was filed on behalf of the County. On November 6, 2015, the Estate obtained an order finding the County in default. On December 2, 2015, the trial court entered a default judgment for $8,000,546.25. That figure represented $4,000,000 for Ms. Alvarado's damages, $4,000,000 for her son's loss of consortium, and the remainder for costs and statutory attorney fees. The following day, counsel for the County filed a notice of appearance. Six days later, December 9, 2015, the County filed an answer to the complaint that raised three defenses: contributory negligence, reasonable use of force, and reasonable action in accordance with the County's duty to the incarcerated.

The County on December 21, 2015, moved to set aside the order of default and the judgment pursuant to CR 60(b)(1). The County contended that it had made an inadvertent mistake, had substantial evidence in support of a prima facie defense to the claim, acted with due diligence after receiving notice of the default judgment, and also alleged that the Estate would not suffer substantial hardship. The County explained its prima facie case, argued that the damages were excessive, and offered to pay the plaintiff's attorney fees for obtaining the default judgment and responding to the motion to vacate.

2

No. 34201-8-III
*Frank DeCaro, et al v. Spokane County, et al*

The Estate countered with an argument that the County failed to provide a strong or virtually conclusive defense and that its prima facie defense was contradicted by the Estate's witnesses, the damages were supported by the evidence, and that the County's failure to follow its own policies amounted to inexcusable neglect as a matter of law. The matter was argued to the Honorable Annette Plese on January 8, 2016.

Judge Plese granted the motion to vacate, reasoning that the case law required her to ask "is the default just and equitable in this case?" Report of Proceedings (RP) at 38. She characterized the matter as a case of "an excusable neglect." *Id.*[1] Considering the four factors required by *White v. Holm*, 73 Wn.2d 348, 352, 438 P.2d 581 (1968), the trial court determined that all had been met. RP at 40. The court concluded:

> When the Court looks at what's just and proper, what's just and proper is this case needs to be heard on the merits and not on a default, and so based on that, the Court is going to grant the Motion to Set Aside the Default at this time and let the case be heard on the merits.

RP at 40.

_____

[1] The Estate contends that the court actually said "inexcusable neglect" and that it was prepared to seek clarification if necessary. Brief of Appellant at 19 n.8. However, RAP 9.5(c) gives parties ten days from the filing of the transcript to serve objections. If the Estate considered the alleged error significant, it needed to bring the matter promptly to our attention. Its failure to do so precludes our giving the language a different interpretation. Treating the County's error as "inexcusable" also would be inconsistent with the trial court's subsequent analysis of the *White* factors. *White v. Holm*, 73 Wn.2d 348, 438 P.3d 581 (1968).

3

No. 34201-8-III
*Frank DeCaro, et al v. Spokane County, et al*

An order granting the motion thereafter was entered. The Estate promptly appealed to this court. A panel heard oral argument at the request of the Estate.

ANALYSIS

The Estate argues that the trial court applied the wrong standard to its analysis of the case and thereby abused its discretion. It also claims an entitlement to attorney fees on appeal. After first discussing the governing standards for our review, we turn to the Estate's arguments.

The decision to vacate a default judgment is reviewed for abuse of discretion. *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 582, 599 P.2d 1289 (1979). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Refusal to vacate a default judgment is more likely to amount to an abuse of discretion because default judgments are generally disfavored. *White*, 73 Wn.2d at 351-52. Stated another way, Washington has a strong preference for giving parties their day in court. *Morin v. Burris*, 160 Wn.2d 745, 754, 161 P.3d 956 (2007); *Griggs*, 92 Wn.2d at 581-82. While not a proceeding in equity, the decision to vacate a judgment should be made in accordance with equitable principles. *White*, 73 Wn.2d at 351.

4

No. 34201-8-III
*Frank DeCaro, et al v. Spokane County, et al*

There are four factors to consider when hearing a motion to vacate a default judgment:

> (1) That there is substantial evidence extant to support, at least prima facie, a defense to the claim asserted by the opposing party; (2) that the moving party's failure to timely appear in the action, and answer the opponent's claim, was occasioned by mistake, inadvertence, surprise or excusable neglect; (3) that the moving party acted with due diligence after notice of entry of the default judgment; and (4) that no substantial hardship will result to the opposing party.

*Id.* at 352. The first two factors are of primary importance. *Id.* When the defense is strong or virtually conclusive, "scant time will be spent inquiring into the reasons which occasioned entry of the default" if it was not willful and the request to vacate is timely made. *Id.* Conversely, where the defendant promptly moves to vacate and has a strong case for excusable neglect, the actual strength of the defense is less important to the reviewing court. *Id.* at 353.[2] The overriding concern is to ensure that justice is done. *Griggs*, 92 Wn.2d at 582.

The Estate's argument, reduced to its essentials, is that the County had neither a good excuse nor a strong defense, and therefore the trial court erred in determining that the *White* factors favored setting aside the default. The Estate also claims that the trial

---

[2] However, there must be at least some defense because there is no good reason to vacate a default judgment only to face a useless trial. *Griggs*, 92 Wn.2d at 583.

5

court placed a primacy on the policy of deciding cases on the merits rather than properly applying the *White* standards.

Contrary to the Estate's argument, there is no requirement that one of the two primary *White* factors must be compelling. It is sufficient if both favor vacation of the default judgment. In the context of this portion of its analysis, *White* merely stands for the proposition that when one of the two primary factors is very strong, then the other factor need not be carefully considered. 73 Wn.2d at 352-53.

A previous decision from this court exemplifies this approach. *Johnson v. Cash Store*, 116 Wn. App. 833, 68 P.3d 1099 (2003). There a default was entered when the defendant had not appeared because its store manager, believing the document to be inapplicable because the plaintiff had repaid her loan, had returned the summons to plaintiff's counsel rather than forward it to the home office. *Id.* at 847-48. The trial court refused to vacate a default after determining that the defendant had no defense and no valid excuse for the default. *Id.* at 840. Finding that the trial court had erred by not recognizing that the store's compliance with statutory requirements presented a prima facie defense, this court then turned to the second prong of the *White* test. We characterized the manager's actions as "inexcusable neglect, if not willful noncompliance." *Id.* at 849. We therefore concluded that there was no abuse of discretion by the trial court because the defendant had failed to meet its burden of demonstrating "mistake, inadvertence, surprise, or excusable neglect." *Id.* In other

6

words, the second prong of the *White* standard was not satisfied, dooming the defendant's argument despite the presence of a prima facie defense. The court did not attempt to test that second prong by a higher standard merely because only a prima facie defense had been proffered. Instead, we looked to the merits of each prong since there was not a sufficiently strong showing on one to limit our review of the other.

Of a similar vein is *Little v. King*, 160 Wn.2d 696, 161 P.3d 345 (2007). There the defendant had appeared in a lawsuit, but did not answer and did not contest the default order despite being given an opportunity to answer. *Id.* at 705-06. The court concluded there was no defense and no excuse for failing to contest the action. *Id.* For both reasons, the defendant failed the *White* test. The court concluded its analysis:

> Where a party fails to provide evidence of a prima facie defense and fails to show that its failure to appear was occasioned by mistake, inadvertence, surprise, or excusable neglect, there is no equitable basis for vacating judgment.

*Id.* at 706. As in *Johnson*, the quality of the evidence on the first *White* prong did not establish a requirement for showing higher quality evidence on the second prong.

Such a reading of the *White* second prong also would be contrary to the language of CR 60(b)(1). That rule permits relief from judgment due to:

> Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order.

7

*Id.*[3] Nothing in the rule heightens the standard for proving the reason for the error is dependent upon how strong its perceived defense on the merits might be. The burden imposed by the rule is to demonstrate mistake or one of the other factors. It does not require a "really good excuse" if there is only a prima facie defense.

As *Griggs* noted, *White* still requires inquiry into the nature of the defense even if there is a really good excuse since no purpose would be served in vacating a judgment if there is no meritorious defense to the claim. 92 Wn.2d at 583. That obligation is satisfied when, as here, there is at least a prima facie defense to the claim. The County provided evidence that Ms. Alvarado declined medical attention and did not appear to be in distress when observed by the jailers. Accordingly, vacating the judgment would not necessarily be a waste of time. A genuine trial question was presented by the defense.

The County did not intentionally ignore its obligation to respond. At its heart, that is what the *White* standard is about. Was there a mistake or excusable neglect and is there a chance of a successful defense at trial? If so, *White* is satisfied and a trial judge

---

[3] This provision is derived from the former civil procedure statutes. *See* former RCW 4.32.240. Laws of 1891, ch. 62, § 3 provided in part that a court "may, upon such terms as may be just, and upon payment of costs, relieve a party, or his legal representatives, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect." That provision, in turn, is virtually identical in all except the repayment language, with Laws of 1854, § 69, at 144 ("may relieve a party from such judgment, order, proceeding, taken against him, through his mistake, inadvertence, surprise, or excusable neglect").

8

does not abuse her discretion in setting aside a default judgment. We agree with the trial court that was the situation here. The *White* test prevents those who purposely do not contest a default or do not timely do so from benefiting from their actions. It, however, authorizes second chances for those who promptly assert their interest and show that they have the ability to perhaps successfully contest the case. Here the County made a mistake about answering the suit, had a potential defense at trial, and rapidly acted to set aside the default. The trial court had a tenable reason for granting the motion.

The Estate also argues that the trial court abused its discretion by not applying *White* and, instead, unduly relying on the policy of determining a case on the merits instead of by default. This argument mischaracterizes the record and is simply another way of saying that the trial court wrongly applied *White*. The factors identified in *White* reflect Washington's policy preference for decisions on the merits. The trial court noted that policy at the beginning of its decision and affirmed that policy at the end of its analysis. In between, it considered the *White* factors and applied them to the facts of this case. It did not defer to the state policy rather than make considered use of the *White* factors. It applied those factors and recognized that they led to the result promoted by our state courts—it was appropriate to set aside the default and resolve the case on its merits.

No. 34201-8-III
*Frank DeCaro, et al v. Spokane County, et al*

We also decline to award the Estate its costs and fees on appeal. With respect to the costs reflected in RAP 14.2, the Estate is not a prevailing party. Moreover, the County's offer to pay the Estate's costs, including attorney fees, was only to reimburse the costs of obtaining the default and responding to the motion to set it aside. Clerk's Papers at 220. The stipulation did not extend to attorney fees for efforts to maintain the default judgment on appeal. Therefore, no fees are available to it per RAP 18.1(a).

The trial court properly considered the *White* factors. Having found excusable neglect and at least a prima facie defense, the court did not abuse its discretion in setting aside the default judgment.

Affirmed.

Korsmo, J.

WE CONCUR:

Lawrence-Berrey, A.C.J.

Pennell, J.

10