IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| BRITTANY FULLER, a married woman dealing in her separate property, | ) ) ) | No. 36545-0-III |
| Respondent, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| EDWARD L. HART, a single man, NATHAN E. HART and JANE DOE HART, as husband and wife, and their marital community thereof, and all persons claiming by and through EDWARD L. HART or NATHAN E. HART and JANE DOE HART, | ) ) ) ) ) ) ) ) ) | |
| Appellants. | ) | |

KORSMO, A.C.J. — Edward Hart appeals from an order denying his request to set aside an order of default. We affirm.

FACTS

Respondent Brittany Fuller sued Edward Hart, her uncle, to quiet title to property that her father had deeded to her while she was a minor. She alleged that Hart[1] held the property as trustee, but declined to transfer it to her when she turned 21. Hart was served the complaint and filed an answer on December 27, 2017.

---

[1] For simplicity, this opinion refers to defendants/appellants collectively as Hart, and plaintiff/respondent as Fuller.

Fuller learned the following July that Hart had deeded the property to his own son, Nathan Hart, on June 16, 2018. Fuller then obtained permission to file an amended complaint that added additional parties (including Nathan Hart) and causes of action. The amended complaint was filed August 31, 2018, and served on both Edward and Nathan Hart. Neither man answered the amended complaint.

Fuller moved for orders of default as to both men. The court granted orders of default as to both, as well as a judgment in favor of Fuller, on October 4. Later that same day, after the orders and judgment had entered, Edward Hart, representing himself, filed an objection to the motion for default. Hart subsequently filed a motion to set aside the order of default pursuant to CR 55. He also filed a motion for summary judgment, a declaration of his own, and a declaration by Nathan Hart that Edward had prepared and signed. Fuller responded to the motion to set aside the order of default and also moved to strike the other pleadings.

The trial court denied the motion to set aside the order of default and granted Fuller's motion to strike, making several observations of import for this appeal. The court observed that the motion to set aside had not been properly noted for hearing. The judge also noted that Nathan's declaration had been prepared and signed by his father; since Edward is not an attorney, he could not represent his son. Significantly, the court recognized that Hart had only sought to set aside the order of default, but not the default judgment. Because the judgment was not at issue, the summary judgment motion and accompanying declarations were moot.

2

The court also observed that Hart had not explained why he had not been able to timely appear or answer either the amended complaint or the motion for default. In response to Hart's argument that he had not received either the amended complaint or the default motion, the court noted that his belated answer to the motion for default had a copy of the motion attached.

The motion to set aside was denied. Hart then appealed to this court. A panel considered the appeal without conducting argument.

ANALYSIS

The appeal challenges the refusal to set aside the order of default and the striking of the post-judgment motion for summary judgment and the accompanying declarations. We treat these issues as one. This appeal fails for multiple reasons.

Self-represented parties are held to the same standards as attorneys. *Edwards v. Le Duc*, 157 Wn. App. 455, 460, 238 P.3d 1187 (2010); *Batten v. Abrams*, 28 Wn. App. 737, 739 n.1, 626 P.2d 984 (1981). Appellate courts do not consider arguments that are unsupported by record citations and case authority. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); *McKee v. American Home Prods. Corp.*, 113 Wn.2d 701, 705, 782 P.2d 1045 (1989). Such failures are considered a waiver of the argument. *State v. Dennison*, 115 Wn.2d 609, 629, 801 P.2d 193 (1990); *Bercier v. Kiga*, 127 Wn. App. 809, 824, 103 P.3d 232 (2004).

Mr. Hart's brief suffers from numerous defects, but the failure to cite to the record and the failure to support his arguments with authority are fatal defects. *Id.* Those are sufficient grounds to reject this appeal.

It also is without merit. A motion to set aside an order of default is governed by CR 55(c). A court can grant relief upon a showing of "good cause." CR 55(c)(1). Relief from judgment is available for various errors, CR 60(b). The process for obtaining relief is governed by CR 60(e).

This court reviews the decision whether to vacate a default judgment for abuse of discretion. *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 582, 599 P.2d 1289 (1979). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Washington has a strong preference for giving parties their day in court; thus, default judgments are disfavored. *Morin v. Burris*, 160 Wn.2d 745, 754, 161 P.3d 956 (2007); *Griggs*, 92 Wn.2d at 581-582. Refusal to vacate a default judgment is more likely to amount to an abuse of discretion because default judgments are generally disfavored. *White v. Holm*, 73 Wn.2d 348, 351-352, 438 P.2d 581 (1968). While not a proceeding in equity, the decision to vacate a judgment should be made in accordance with equitable principles. *Id.* at 351.

Although Washington policy supports setting aside default orders when "good cause" requires it, Hart never made such a showing to the trial court. This court reviews that decision; we do not substitute our opinion concerning the facts of the case for that of

4

No. 36545-0-III
*Fuller v. Hart, et al.*

the trial court. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 575, 343 P.2d 183 (1959); *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 717, 225 P.3d 266 (2009). Hart has given us no basis on which to review that decision. Here, the trial court did not believe the allegation that the parties were not served the amended complaint and motion for default. The record reflected proper service. In those circumstances, the trial court did not err in rejecting the motion to set aside the order of default.[2]

The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Siddoway, J.

---

[2] The trial court aptly noted that the failure to seek to set aside the judgment was a second basis for denying relief. Setting aside the order of default was only a first step in the process for seeking relief. Hart would have needed to both set aside the order and the judgment. Neither was accomplished.

5