# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MARIA HANES, | No. 56552-8-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| DOLLAR TREE STORES, INC., a Foreign Profit Corporation, | |
| Respondent. | |

CRUSER, A.C.J. — Maria Hanes was injured when shopping at Dollar Tree Stores, Inc. (Dollar Tree). Hanes' counsel sent a demand letter to Dollar Tree's third-party insurance adjuster but never responded to a counteroffer from the insurance adjuster, who continued to call and email counsel for several months afterward. Hanes had filed and served a complaint on Dollar Tree's registered agent, but Dollar Tree never formally appeared or answered the complaint. Hanes obtained a default order and judgment against Dollar Tree. Dollar Tree moved to vacate the default judgment on the basis that it substantially complied with the appearance requirement, and the trial court granted the motion. Hanes appeals.

We hold that the trial court abused its discretion by vacating the default order and judgment because the arguments made by Dollar Tree at the trial court were meritless, and the arguments raised on appeal were either not raised below or are time-barred. Accordingly, we reverse the trial court's order vacating the default order and judgment.

FACTS

Hanes was shopping at a Dollar Tree store in Graham, Washington, in December 2017. As she entered one of the aisles, she slipped and fell after her right foot landed on a pile of metal objects. After the fall, Hanes experienced pain in her right arm and shoulder, in her right leg from her hip down to her foot, and in her lower back. Although her shoulder issues resolved quickly with physical therapy, she needed continued treatment for the pain in her right leg and in her lower back, including surgery on her right foot. Hanes still experiences pain and swelling in her right ankle, hip, foot, and lower back.

Hanes' counsel sent a representation letter to Sedgwick Claims Management Services, Inc. (Sedgwick), which handles casualty claims for Dollar Tree, in February 2018. Hanes' counsel corresponded with a Sedgwick claims adjuster several times regarding a statement from Hanes, but there was no communication between October 2018 and October 2019. Hanes' counsel sent a demand letter to a Sedgwick claims adjuster in November 2019. Sedgwick acknowledged receipt in December and made a counteroffer on January 16, 2020.

Hanes filed a lawsuit against Dollar Tree on January 28, 2020. The summons and complaint were served on Dollar Tree's registered agent on February 3. On February 25, Hanes moved for an order of default on the basis that Dollar Tree still had not appeared or defended against the lawsuit. The trial court entered an order of default the following day.

Meanwhile, Sedgwick continued to contact Hanes' counsel by phone and email from January 2020 to August 2020. There were only two instances when Hanes' counsel actually spoke to Sedgwick.

2

According to the Sedgwick claims adjuster, on April 1, 2020, Hanes' counsel stated over the phone that he did not have a counteroffer and that he would follow up. In addition, on April 27, 2020, Hanes' counsel stated that he was currently busy and could not discuss Hanes' claim, but that Sedgwick's offer had not yet been accepted and he was unsure if it would be accepted. Hanes' counsel claimed that he never suggested that Sedgwick's offer was being considered and that, during these phone calls, he simply stated that he had no response to Sedgwick's offer and that he was unable to speak to the claims adjuster. He further stated that, once the lawsuit was filed, he "purposely avoided any behavior or action that could be construed as negotiation behavior." Clerk's Papers (CP) at 170.

Sedgwick closed Hanes' claim in September 2020, after not being able to speak with her counsel for months. On October 2, 2020, Hanes obtained a default judgment against Dollar Tree in the amount of $241,071.79. On October 27, 2021, Hanes' counsel served a copy of the default judgment on Dollar Tree's registered agent.

On November 22, 2021, Dollar Tree moved to vacate the default judgment under CR 60(b)(11)[1] on the basis that it substantially complied with the appearance requirement when the claims adjuster from Sedgwick attempted to communicate with Hanes' counsel 34 times after the complaint was filed. Dollar Tree asserted that these contacts demonstrated its intent to settle the claim and that this constituted an informal appearance that entitled Dollar Tree to notice of the default proceedings. Alternatively, Dollar Tree argued that (1) counsel misrepresented facts to the

---

[1] CR 60(b)(11) provides that the trial court may vacate a final judgment or order for "[a]ny other reason justifying relief from the operation of the judgment."

court when he stated that Dollar Tree had not appeared, because it had appeared informally; (2) there were irregularities in the default proceedings; and (3) Dollar Tree's failure to appear was excusable neglect under CR 60(b)(1).

On December 3, the trial court entered an order vacating the order of default and default judgment. The trial court did not specifically state the grounds it relied on for vacating the order and judgment. Hanes appeals.

## DISCUSSION

Hanes argues that the trial court erred by vacating the default order and judgment because Dollar Tree never appeared by acknowledging a dispute in court, and Dollar Tree's alternative arguments were time barred. Dollar Tree argues two separate bases to support the trial court's order vacating the default order and judgment: (1) pursuant to equitable principles described in *Morin v. Burris*, 160 Wn.2d 745, 161 P.3d 956 (2007), concerning counsel's efforts to conceal the litigation, or (2) due to mistake or inadvertence under the four-part test set forth in *White v. Holm*, 73 Wn.2d 348, 438 P.2d 581 (1968). The first argument was not raised to the trial court, and the second argument is time-barred. We hold that the trial court abused its discretion by vacating the default order and judgment.

### DEFAULT ORDER AND JUDGMENT

#### A. LEGAL PRINCIPLES

We review a trial court's order vacating a default order or a default judgment for abuse of discretion. *Aecon Bldgs. Inc. v. Vandermolen Const. Co.,* 155 Wn. App. 733, 738, 230 P.3d 594

(2009). Discretion is abused if exercised based on untenable grounds or for untenable reasons. *Morin v. Burris*, 160 Wn.2d at 753.

A party is entitled to notice of default judgment proceedings if the party has appeared in the action. CR 55(3); *Morin*, 160 Wn.2d at 754. A defendant may comply with the appearance requirement by showing that they substantially complied, which may be done informally. *Id.* at 749. The substantial compliance doctrine looks to the defendant's conduct after litigation was commenced in order to determine whether the plaintiff was apprised of the defendant's intent to litigate the case. *Id.* at 755. The defendant must specifically "acknowledge that a dispute exists *in court*." *Id.* at 756. However, if the defendant does not appear or substantially comply with the appearance requirement, "a default judgment should be set aside if the plaintiff has done something that would render enforcing the judgment inequitable." *Id.* at 755.

"This court has long favored resolution of cases on their merits over default judgments." *Id.* at 749. Accordingly, we will "liberally set aside default judgments" under the court rules "and for equitable reasons in the interests of fairness and justice." *Id.* at 749.

B. ANALYSIS

Dollar Tree argues that the trial court's decision is supported on two separate grounds. Under its first argument, Dollar Tree asserts that it was entitled to relief under *Morin* due to Hanes' counsel inequitably concealing the litigation. In one of the consolidated cases in *Morin*, an insurance representative contacted plaintiffs' counsel regarding settlement after the case had been filed, but counsel did not mention the litigation or default proceedings to the insurance representative. *Id.* at 751. The supreme court vacated the default judgment, explaining, "If the

[defendants'] representative acted with diligence, and the failure to appear was induced by [plaintiffs'] counsel's efforts to conceal the existence of litigation . . . , then the [defendants'] *failure to appear* was excusable under equity and CR 60." *Morin*, 160 Wn.2d at 759 (emphasis added).

Any potential merit to this argument notwithstanding, Dollar Tree did not make this argument before the trial court. Rather, Dollar Tree relied on *Morin* when it argued that it substantially complied with the appearance requirement and that it informally appeared.[2] Issues not raised in the trial court generally may not be raised for the first time on appeal. *See* RAP 2.5(a); *Roberson v. Perez*, 156 Wn.2d 33, 39, 123 P.3d 844 (2005). "The purpose underlying issue preservation rules is to encourage the efficient use of judicial resources by ensuring that the trial court has the opportunity to correct any errors, thereby avoiding unnecessary appeals." *State v. Hamilton*, 179 Wn. App. 870, 878, 320 P.3d 142 (2014). Accordingly, we decline to address this argument.

Dollar Tree's second argument on appeal is that it satisfies the four-part test set forth in *White*, and that its failure to appear was due to mistake or inadvertence. Under the *White* test,

> A party moving to vacate a default judgment must be prepared to show (1) that there is substantial evidence supporting a prima facie defense; (2) that the failure to timely appear and answer was due to mistake, inadvertence, surprise, or excusable neglect; (3) that the defendant acted with due diligence after notice of the default judgment; and (4) that the plaintiff will not suffer a substantial hardship if the default judgment is vacated.

---

[2] Dollar Tree appears to recognize this distinction by complaining that Hanes' brief focuses on *Morin*'s discussion of substantial compliance, but by focusing on substantial compliance, Hanes addresses the argument that Dollar Tree made below.

*Little v. King*, 160 Wn.2d 696, 703-04, 161 P.3d 345 (2007). Dollar Tree asserts that this test has "its own different timing standard" separate from the one-year time bar under CR 60(b)(1), and that Washington courts "regularly" apply the *White* test outside of the one-year time frame. Br. of Resp't at 33, 34.

On the contrary, Washington courts appear to regularly refer to the *White* test as a means of establishing relief under CR 60(b)(1). *See, e.g., VanderStoep v. Guthrie*, 200 Wn. App. 507, 516-17, 402 P.3d 883 (2017); *Ha v. Signal Electric, Inc.*, 182 Wn. App. 436, 448-49, 332 P.3d 991 (2014); *Trinity Universal Ins. Co. of Kansas v. Ohio Cas. Ins. Co.*, 176 Wn. App. 185, 195, 312 P.3d 976 (2013); *Morin*, 160 Wn.2d at 764 (Bridge, J., concurring). Furthermore, the second factor from the test requires the party to show "mistake, inadvertence, surprise, or excusable neglect," which are the same reasons justifying relief under CR 60(b)(1). *Compare Little*, 160 Wn.2d at 704 *with* CR 60(b)(1) (also including "irregularity in obtaining a judgment or order").[3] Therefore, we disagree with Dollar Tree and conclude that the *White* test is intended to apply to claims brought under CR 60(b)(1), and that any such claim is subject to the one-year time bar.

Because Dollar Tree's first argument is not preserved, and its second argument is time-barred, we hold that the trial court abused its discretion when it vacated the order of default and the default judgment. There was no basis for the court to grant Dollar Tree's motion to vacate.

---

[3] Notably, before the trial court, Dollar Tree explained the *White* test as the standard for "deciding a motion under [ ] subsection" CR 60(b)(1). CP at 100.

No. 56552-8-II

## CONCLUSION

We reverse the trial court's order vacating the default order and judgment against Dollar Tree.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Cruser, A.C.J.

We concur:

Maxa, J.

Lee, J.