IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MATTHEW YOUNG,<br><br>                    Appellant,<br><br>          v.<br><br>HAROLD TOBERMAN and BRENDA TOBERMAN, and their marital community,<br><br>                    Respondents. | No. 87607-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — Matthew Young claims a superior court judge abused its discretion when it denied his motion for revision of a commissioner's decision to vacate a default judgment entered against Harold and Brenda Toberman (together, the Tobermans). We disagree and affirm.

## I.          BACKGROUND

Young does not assign error to the following facts from the judge's order.

Young purchased real property from the Tobermans in November 2022. In March 2024, Young's attorney wrote a letter to the Tobermans claiming they failed to disclose known defects. They responded in writing, denying the allegations.

Young served a summons and complaint on the Tobermans in June 2024.

They then retained counsel, Robert Zoffel. In July 2024, Zoffel wrote a letter informing Young's attorney of his representation and of Tobermans' response to the claims. But he sent the letter to an incorrect address.

Young subsequently filed the complaint and moved for an order of default and default judgment without notice to the Tobermans. A commissioner eventually granted the motion in early September 2024, entering judgment in the amount of approximately $47,000. The Tobermans learned of the default judgment approximately two weeks later.

The following month, the Tobermans moved to vacate the judgment. A commissioner granted that motion but awarded Young attorney fees for the cost of defending it.

Young then moved a superior court judge to revise the order vacating the judgment. The superior court denied his motion. He timely appeals.

## II.    ANALYSIS

Young claims the judge abused his discretion in denying his motion for revision.

When a court denies a motion to revise a commissioner's decision, we review the superior court's decision, not the commissioner's. In re Marriage of Williams, 156 Wn. App. 22, 27, 232 P.3d 573 (2010). We review rulings vacating default judgments for an abuse of discretion. Showalter v. Wild Oats, 124 Wn. App. 506, 510, 101 P.3d 867 (2004). A manifestly unreasonable or untenable decision is an abuse of discretion. Id. But there is no abuse of discretion if a court applies the correct legal standard, with substantial evidence for its findings. State

v. Martinez-Loyola, 35 Wn. App. 2d 521, 523, 576 P.3d 590 (2025), review granted in part, 5 Wn.3d 1034, 583 P.3d 24 (2026).  Evidence is substantial if it is "sufficient to persuade a rational fair-minded person the premise is true."  Id. at 531.

We review decisions regarding default judgments according to the unique facts and circumstances of a particular case.  Showalter, 124 Wn. App. at 510.  However, we are generally less likely to reverse a decision which vacated a default judgment.  Id. at 511.  That is because Washington law favors resolving disputes on their merits.  Id. at 510; see also Morin v. Burris, 160 Wn.2d 745, 754, 161 P.3d 956 (2007) (noting that "for more than a century, it has been the policy of this court to set aside default judgments liberally.")

A court may set aside a default judgment pursuant to a four-part test from White v. Holm.  Morin v. Burris, 160 Wn.2d 745, 755, 161 P.3d 956, 961 (2007) (citing 73 Wn.2d 348, 352, 438 P.2d 581 (1968)).  The moving party must show:

> (1) That there is substantial evidence extant to support, at least prima facie, a defense to the claim asserted by the opposing party; (2) that the moving party's failure to timely appear in the action, and answer the opponent's claim, was occasioned by mistake, inadvertence, surprise or excusable neglect; (3) that the moving party acted with due diligence after notice of entry of the default judgment; and (4) that no substantial hardship will result to the opposing party.

Id.

Young's challenge focuses on the second and fourth parts of the White test.  We hold that the judge had substantial evidence for the decision it reached.

As to the second factor, the court concluded the Tobermans' failure to respond was attributable to their counsel's mistake.  That is, Zoffel had accidentally sent his letter responding to Young's counsel "to a wrong address."  It also pointed

to evidence their failure was not deliberate. The Tobermans had otherwise notified Young they contested his claims. And in retaining an attorney, they intended to defend the action. Together, these unchallenged findings constitute substantial evidence for the judge's conclusion, which is consistent with the law. See Ha v. Signal Elec., Inc., 182 Wn. App. 436, 452, 332 P.3d 991 (2014) (finding mistake where, inter alia, an attorney failed to forward a complaint to the correct recipient); Showalter, 124 Wn. App. at 515 (excusing a defendant's failure to timely answer in holding "the circumstances surrounding the misunderstanding between Wild Oats' staff are more akin to a mistake than inexcusable neglect.")

For reasons unknown, Young claims the court found excusable neglect, when it made no such finding. The authority Young otherwise relies on is unavailing. He cites to a case in which we held that the failure to respond to a properly served summons and complaint was not excusable *neglect* when caused by nothing more than "a breakdown of internal office procedure." (Citing TMT Bear Creek Shopping Ctr., Inc. v. PETCO Animal Supplies, Inc., 140 Wn. App. 191, 212, 165 P.3d 1271 (2007)). He does not explain how a scrivener's error by one attorney—misaddressing a letter—is not a mistake, regardless of whether it was neglectful. Nor does he explain how that action on behalf of an individual, rather than a company, represents a similar fundamental breakdown of internal office procedure, particularly when the recipient (Young) was already aware his opponent substantively contested the allegations. Even if viewed as a neglect case, this case is closer to Ha and Showalter than TMT.

Also, his reliance on Morin is selective. When read in full, the case does

4

not support his point. It is true that our Supreme Court held "[p]arties must take some action acknowledging that the dispute is in court before they are entitled to a notice of default judgment hearing," but it also held "they may still be entitled to have default judgment set aside upon other well-established grounds." Morin,160 Wn.2d at 757. Those grounds are present here.

Turning to the fourth factor, the judge found Young would not suffer substantial hardship if the judgement was set aside. Young avers that he had "prepared" to initiate a collection action on the debt and had incurred litigation costs in obtaining the default judgment. But he does not cite to a single authority for the proposition that making plans to collect on a preliminary order, which is known to be appealable, is a hardship. DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.") Moreover, the commissioner awarded Young fees for some of the resources he expended in relation to the initial judgment. Thus, Young fails to establish that the judge abused their discretion as to hardship.

Young also raises claims regarding the first and third parts of the White test, which require proof of a prima facie defense and due diligence, though he couches the error as one of improper burden shifting. Again, we disagree. The court did not fail to consider these factors, as he first contends. And there is nothing in the court's reasoning—either expressed or implied—to substantiate his conclusory

5

assertion that it erred as a matter of law by shifting the burden of proof. It addressed both, without erring.

As to the first factor, the court referenced specific facts in the Tobermans' refutation of Young's claims. Namely, the Tobermans asserted the roof did not leak while they owned the house and they never had issues with the electrical panel. Also, an inspector who Young hired before closing had not raised any of the issues from his suit after examining the property. There is substantial evidence in the record for these findings.

As to the third factor, the fact that the Tobermans "moved to vacate the judgment approximately one month after learning of [it]," as the court found, constitutes substantial evidence they acted with due diligence. Young adduces no legal or persuasive support for his remaining arguments to the contrary.[1]

### III.    CONCLUSION

We affirm.

_Díaz, J._

WE CONCUR:

_Chung, J._                              _____, ACJ

---

[1] In response to Young's motion to strike, we note that our holding in no way relies on any assertions of fact not contained within the record.