[No. 17961-3-III.   Division Three.   December 16, 1999.]

JEFFREY M. NORTON, *Respondent*, v. LOYAL W. BROWN, ET AL., *Appellants*.

*Peter J. Johnson* and *David K. Daggett* of *Johnson Law Group*, for appellants.

*Rodney K. Nelson* and *John S. Kapuza* of *Abeyta & Nelson*, for respondent.

SCHULTHEIS, C.J. — Loyal Brown appeals the trial court's denial of his motion to reconsider its decision not to vacate a default judgment for over $77,000 in favor of Jeffrey Norton, the plaintiff in a personal injury action. Mr. Brown contends the trial court made several incorrect rulings, which in effect denied his constitutional right to due process of law. Further, he claims the trial court abused its discretion when it refused to vacate the default judgment based on excusable mistake and confusion and/or because the monetary judgment was excessive. We reverse and remand for trial.

On August 11, 1995, Mr. Brown and Mr. Norton were involved in a motor vehicle accident in Yakima County, Washington. The parties agree the accident occurred when Mr. Brown's vehicle struck Mr. Norton's vehicle after Mr. Brown fell asleep at the wheel. Mr. Norton was injured when his vehicle left the roadway and flipped over on its side. The parties dispute the extent and cause and/or exacerbation of Mr. Norton's injuries.

Allstate Insurance Company insured Mr. Brown at the time of the accident. He timely informed Allstate about the accident and at some point Allstate began settlement negotiations with Mr. Norton's legal counsel regarding his claim for personal injuries resulting from the accident.

When the parties did not reach an agreed settlement, Mr. Norton's counsel prepared a summons and complaint for personal injuries. On April 17, 1997, counsel for Mr. Norton sent a courtesy copy of the pleadings to Brett Follett, the Allstate adjuster handling Mr. Brown's claim, with a letter informing him that the papers were "out for service" on Mr. Brown. The pleadings were filed the next day in Yakima County Superior Court and Mr. Brown was served on April 21. Mr. Brown did not ever notify Allstate about the summons and complaint because he thought his insurer was already handling the claim on his behalf.

When no notice of appearance or answer from Mr. Brown was received within the 20 days allowed by law, counsel for Mr. Norton requested and was granted an order of default on May 16. Following a hearing on the default action, the

court entered a default judgment against Mr. Brown on June 17, 1997, in the amount of $77,294.11 plus interest. A few hours prior to the default judgment being filed, a notice of appearance was filed on behalf of Mr. Brown, although counsel for Mr. Norton did not receive it until after returning from court with the order of default.

Counsel for Mr. Norton chose not to inform Mr. Brown that a default judgment had just been entered. In fact, although Mr. Brown tried at various times over the next 10 months to contact Mr. Norton regarding the personal injury lawsuit, no two-way communication was established until Mr. Brown filed a motion to compel in April 1998. It was at the hearing on the motion to compel that Mr. Brown's counsel finally learned that a default judgment had been entered against his client 10 months prior.

Mr. Brown filed his answer and a motion to vacate the default judgment on June 8, 1998. A hearing was held July 6 at which both parties were represented by counsel. The motion to vacate was denied. At a later presentment hearing the court concluded that Mr. Brown presented evidence of a possible defense as to the extent and existence of Mr. Norton's damages. Additionally, the court found that Mr. Brown presented a prima facie argument that the judgment amount was arguably excessive. Ultimately, the court found that Mr. Brown's failure to appear and defend the action was not the result of excusable neglect.

Mr. Brown filed a timely motion for reconsideration asking the court to find that there was excusable mistake and confusion between Mr. Brown and Allstate as to what Mr. Brown was to do with the summons and complaint after he had been served. Additionally, Mr. Brown asked the court to vacate the default judgment based on its award of excessive damages.

The motion for reconsideration was heard in August 1998 with both parties being represented by counsel. In denying the motion, the court found that Mr. Brown did not understand the necessity of an affirmative response by him to Mr. Norton's summons and complaint. The court stated

that "confusion occurred as to what [Mr. Brown's] responsibilities may be, although certainly we must agree that the summons is written to dispel any reasonable doubt about what one is to do." However, the court also found that there was no excusable neglect in failing to answer the complaint such that the court would set aside the default judgment. In its oral opinion the court stated:

> [T]he insurance company, albeit an unnamed party in this matter, but nonetheless a responsive party and one who has a contractual obligation as to their insured, was involved and had received specific notice that settlement negotiations between Mr. Nelson [plaintiff's counsel] and Mr. Brett Follett, of Allstate Insurance Company in Spokane, were unable to come to an early agreement about settling this case.

Based on the fact that Allstate had direct notice that service of a summons and complaint on Mr. Brown was forthcoming, the court specifically found that once Allstate knew of the lawsuit, it had an affirmative duty to make a timely inquiry of Mr. Brown; particularly to warn him of the possibility of service. Further, the court found that Allstate had to respond or take some other investigative action to determine whether there had been filing and/or service and that Allstate failed to do so. For these reasons, the court denied the motion for reconsideration.

Mr. Norton claims that, pursuant to RAP 2.5(a)(3), several of Mr. Brown's due process arguments may not be considered by this court because they are being raised for the first time on appeal. Mr. Brown replies that a party may present issues of manifest error affecting a constitutional right for the first time on appeal. *State v. Santos*, 104 Wn.2d 142, 145-46, 702 P.2d 1179, 70 A.L.R.4TH 1021 (1985).

Constitutional issues may be raised for the first time on appeal although, as a preliminary matter, they will be closely scrutinized for errors that are manifest and truly of constitutional magnitude. *State v. WWJ Corp.*, 138 Wn.2d 595, 602, 980 P.2d 1257 (1999). The due process arguments

raised by Mr. Brown meet this test. We will consider the issues as briefed by the parties.

█ CR 60(b) specifies the grounds, other than clerical mistakes, upon which a superior court may vacate a judgment. This court will not overturn a trial court's decision on a motion to vacate a judgment under CR 60(b) unless it plainly appears that the trial court abused its discretion. *Griggs v. Averbeck Realty, Inc.*, 92 Wn.2d 576, 582, 599 P.2d 1289 (1979).

As a policy matter, our Supreme Court has stated that default judgments are not favored because " '[i]t is the policy of the law that controversies be determined on the merits . . . .' " *Id.* at 581 (quoting *Dlouhy v. Dlouhy*, 55 Wn.2d 718, 721, 349 P.2d 1073 (1960)). On the other hand, an orderly system of justice mandates that parties comply with a judicial summons. *Griggs*, 92 Wn.2d at 581. A court's decision on a motion to vacate a default judgment is guided by equitable principles:

> "[T]he overriding reason should be whether or not justice is being done. Justice will not be done if hurried defaults are allowed any more than if continuing delays are permitted. . . . What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome."

*Id.* at 582 (quoting *Widucus v. Southwestern Elec. Coop.*, 26 Ill. App. 2d 102, 109, 167 N.E.2d 799, 803 (1960)).

█ When deciding a motion to vacate a default judgment, the court must consider two primary and two secondary factors that must be shown by the moving party. *White v. Holm*, 73 Wn.2d 348, 352, 438 P.2d 581 (1968). As a result, in order to convince the trial court to set aside the default judgment, Mr. Brown first had to show: (1) the existence of substantial evidence to support at least a prima facie defense to the claim that the damages were excessive; and (2) his failure to timely appear was the result of mistake, inadvertence, surprise or excusable neglect. Next, he had to show that he exercised diligence in seeking relief

after notice of the default judgment and that the effect on Mr. Norton would not be prejudicial if the judgment were vacated. These factors are interdependent; thus, the requisite proof that needs to be shown on any one factor depends on the degree of proof made on each of the other factors. *Id.* at 352-53.

The trial court did find that Mr. Brown presented a prima facie defense that the damage award was excessive. However, it did not find that the failure of Mr. Brown to appear was caused by mistake, inadvertence or excusable neglect. The court made no finding regarding Mr. Brown's diligence in seeking relief or whether or not Mr. Norton would be prejudiced if the judgment were vacated. This was an abuse of discretion.

█ A genuine misunderstanding between an insured and his insurer as to who is responsible for answering the summons and complaint will constitute a mistake for purposes of vacating a default judgment. *Berger v. Dishman Dodge, Inc.*, 50 Wn. App. 309, 312, 748 P.2d 241 (1987). In *Berger*, the trial court vacated a default judgment after it found the insured (an auto dealership) had no reason to believe its interests were not being protected after forwarding legal documents to its insurer. When the insurer, through mistake, failed to answer the complaint, the dealership was defaulted in a personal injury action. The dealership brought a successful motion to vacate the default judgment. The appellate court upheld the decision.

*Berger* is factually similar to this case because Mr. Brown was under the impression that his interests were being protected by his insurer through settlement negotiations. His insurer did not warn Mr. Brown that a lawsuit was being commenced or that he should expect service of a summons and complaint and that the paperwork should be immediately forwarded to the insurer. The court concluded that Mr. Brown was confused about what to do with the summons and complaint. This was a mistake on the part of the insurer and excusable neglect on the part of Mr. Brown.

Mr. Norton attempts to distinguish *Berger* by pointing

out that although the dealership's insurer sent the file to the wrong attorney at least it made an attempt to protect the interests of its insured. He contends Allstate made no such effort even though it had actual notice that Mr. Norton was in the process of filing and serving a lawsuit on Mr. Brown. Mr. Norton maintains that, under the circumstances, equity demands that Allstate be prohibited from now asking the court to vacate a default judgment when it did nothing to prevent the default judgment from being entered in the first place. We disagree.

Technically, it was not Allstate that requested the court reconsider its denial of Mr. Brown's motion to vacate the default judgment. It was Mr. Brown's request. As mentioned above, a review of the transcript of the court's oral decision on reconsideration makes it clear that the court focused more on the insurance company's failure to contact Mr. Brown than it did on any excusable neglect on Mr. Brown's part. Because the case law does not support the trial court's conclusion, this was an abuse of discretion.

In *Calhoun v. Merritt*, 46 Wn. App. 616, 731 P.2d 1094 (1986), this court found that the trial court's denial of a motion to vacate a default judgment regarding damages was an abuse of discretion. Based on the affidavit of an insurance adjuster, the reviewing court found that the defendant had presented substantial evidence that the claim was worth far less than the amount awarded. Additionally, the appellate court found that the defendant did not answer the summons and complaint because he believed his insurer was already involved in the case. The defendant had been advised by his insurer to expect service, although the insurer had not told him what to do once service occurred. The *Calhoun* court found that the defendant had acted promptly in moving to vacate and there was no indication of prejudice to the plaintiff.

The *Calhoun* facts are very similar to the facts of this case. The court found Mr. Brown had made a prima facie showing that the damages were excessive. As noted above, the failure of the insurer to contact Mr. Brown was a

mistake that supports the vacation of a default judgment. The court admitted Mr. Brown was confused about what to do with the summons and complaint. Counsel for Mr. Brown moved immediately to vacate the default judgment once he learned of its existence. Finally, there is nothing in the record that shows that Mr. Norton would be prejudiced by having to present his case at trial. He has known of Mr. Brown's intent to defend the lawsuit from the beginning of the negotiation process.

Finally, a default judgment is normally viewed as proper only when the adversary process has been halted because of an essentially unresponsive party. *Gage v. Boeing Co.*, 55 Wn. App. 157, 160-61, 776 P.2d 991 (citing *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)), *review denied*, 113 Wn.2d 1028 (1989). This is not a case where Mr. Brown completely failed to respond to Mr. Norton's request for compensation for his injuries. Nor had the adversary process ground to a halt due to Mr. Brown's intransigence. Mr. Brown's insurance company negotiated with Mr. Norton for more than a year in trying to reach a settlement agreement. It was only when the insurer's final offer was deemed unacceptable that Mr. Norton filed his complaint for damages in court. This being the case, Mr. Norton should have understood that Mr. Brown clearly intended to defend the action. We reverse and remand for a trial on the merits. This being the case, we need not reach the merits of Mr. Brown's other claims.

Reversed and remanded for trial. Mr. Norton requests an award of fees and expenses incurred before the trial court and on appeal in connection with the litigation concerning the default judgment. In the alternative, he requests that we instruct the trial court on remand to determine what sanctions should be imposed upon Mr. Brown as terms for vacating the default judgment. Mr. Norton's requests are denied.

SWEENEY and BROWN, JJ., concur.