

2015 MAR -9 AM II: I3

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In re Dependency of | ) | NOS. 71745-6-I |
| | ) | 71746-4-I |
| N. St.C and Z.N.Z. | ) | (Consolidated Cases) |
| | ) | |
| | ) | DIVISION ONE |
| STATE OF WASHINGTON, | ) | |
| DEPARTMENT OF SOCIAL AND | ) | |
| HEALTH SERVICES, | ) | |
| | ) | |
| Respondent, | ) | UNPUBLISHED OPINION |
| | ) | |
| v. | ) | FILED: March 9, 2015 |
| | ) | |
| NATHANIAL St. CLAIR, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

LAU, J. — Nathanial St. Clair appeals the order denying his motion to vacate a default judgment terminating his parental rights. He argues that the court abused its discretion by failing to properly consider and evaluate his request for relief under CR 60(b). We disagree and affirm.

FACTS

Robel Zegeye and Nathanial St. Clair have two sons, Z, born in February 2009 and N, born in October 2011. Zegeye agreed to the dependency of both children in 2011. St. Clair appeared for a shelter care hearing and a mediation but failed to appear for any other hearings. At a fact-finding hearing in January 2012, the children were declared dependent as to St. Clair by default. The court entered dispositional orders requiring St. Clair to participate in the following: a drug and alcohol evaluation; random urinalysis twice weekly; domestic violence batterer's assessment and any recommended treatment; and a psychological evaluation with parenting component and any recommended treatment.

On April 4, 2013, the Department of Social & Health Services (Department) filed a petition to terminate St. Clair's and Zegeye's parental rights. As to St. Clair, the petition listed his address as the King County jail and alleged:

> The father has a lengthy history of drug/alcohol abuse, mental health issues, child neglect, and a criminal history. The father was incarcerated on January 14, 2012 for violating a No Contact Order between him and the mother. The father has spent the majority of this dependency in jail. The father was briefly in work release and the Community Center for Alternative Programs (CCAP) but was ordered to be returned to secure detention for violating conditions of work release. The father was released in mid January 2013. However, on February 4, 2013, the father was again booked into King County Jail on new charges of VUSC/III Drugs IV, Assault IV, and Comm Place.
> . . . The father has not engaged in a drug/alcohol evaluation, random urinalysis, and a psychological evaluation with parenting component. The father has not engaged in a domestic violence batterer's assessment. The father has not visited the children. The father has not maintained a relationship with the child, [Z], and has not established a relationship with the child, [N]. The father has not maintained consistent contact with the Department. The father has not successfully engaged in services nor made any progress toward correcting his parental deficiencies.

St. Clair did not appear at the June 24, 2013 preliminary hearing. The Department requested a default judgment and presented the testimony of a social worker. The court entered an order of default, written findings of fact, and an order terminating St. Clair's parental rights.

On October 31, 2013, after a hearing, the court denied the termination petition as to Zegeye, and ordered the Department to develop a plan for reunification of Zegeye with the children.

On February 19, 2014, St. Clair filed a motion to vacate the default judgment, citing CR 60(b)(11). St. Clair provided a supporting affidavit stating, in pertinent part:

1. I am the father of the minor named above.
2. I did received a notice of termination of parental rights petition by mail in May of 2013.
3. I fully intended to attend the hearing on June 23, 2013 to oppose the termination petition.
4. I was incarcerated from early June to late December 2013 in the King County Jail.
5. I was released and in early January, 2014, I contacted OPD to oppose the default judgment order.
. . .
9. I do not want my parental rights terminated. I love my children.

At a March 24, 2014 hearing, the court asked St. Clair's attorney to "address the extent to which you've provided the court with substantial evidence to show the existence of support for the defense, prima facie statement of the defense." Verbatim Report of Proceedings (Mar. 24, 2014) (VRP) at 14. St. Clair's counsel admitted, "[T]hat's a big problem because of my client's continuing incarceration and unfortunately I don't have discovery and I don't know what his patient inservices were exactly." VRP at 14. St. Clair argued that his incarceration prevented him from obtaining services, attending the hearing, or appearing in person at the Office of Public Defense to apply for

an attorney. He argued that depriving the children of a father and any future potential support or inheritance was not necessary in view of the plan for reunification of the children with their mother. The Department opposed the motion.

The court denied the motion to vacate the default, finding that St. Clair received notice (1) of the June 24 hearing; (2) that a default order would be entered if he did not appear and defend; and (3) of how to contact the Office of Public Defense by telephone. The court found that St. Clair did not produce any evidence to refute the Department's claim that he did not do any services during the dependency or any information to show that mistake, inadvertent surprise, or excusable neglect prevented his timely appearance and answer. The court also found that St. Clair did not exercise due diligence by failing to challenge the default order for over six months. St. Clair appeals.

## DECISION

"Washington courts favor resolving cases on their merits over default judgments." Sacotte Const., Inc. v. Nat'l Fire & Marine Ins. Co., 143 Wn. App. 410, 414, 177 P.3d 1147 (2008). "On the other hand, an orderly system of justice mandates that parties comply with a judicial summons." Norton v. Brown, 99 Wn. App. 118, 123, 992 P.2d 1019, 3 P.3d 207 (1999). A court "must balance the requirement that each party follow procedural rules with a party's interest in a trial on the merits." Showalter v. Wild Oats, 124 Wn. App. 506, 510, 101 P.3d 867 (2004). Review of a decision on a motion to vacate is limited to the trial court's decision, not the underlying order that the party seeks to vacate. Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980). We review denial of a motion to vacate for abuse of discretion, which occurs

-4-

when a decision is manifestly unreasonable or based on untenable grounds. In re

Welfare of MG, 148 Wn. App. 781, 792, 201 P.3d 354 (2009).

CR 60(b) allows judgments to be set aside for variety of reasons, including:

>   (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;
>
>   . . .
>
>   (6) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
>
>   . . .
>
>   (11) Any other reason justifying relief from the operation of the judgment.

St. Clair cited only CR 60(b)(11) in his written motion, but he did not include any

authority or argument to demonstrate the applicability of that provision. CR 60(b)(11)

should be applied only in "extraordinary circumstances" relating to "irregularities

extraneous to the action of the court or questions concerning the regularity of the court's

proceedings." In re Marriage of Yearout, 41 Wn. App. 897, 902, 707 P.2d 1367 (1985).

St. Clair did not specifically identify extraordinary circumstances justifying relief under

CR 60(b)(11) before the court below. And he offers no cogent analysis or relevant

authority to support his claim, for the first time on appeal, that CR 60(b)(6) allows relief

because the court's orders with respect to Zegeye constitute a "significant change in

circumstances" making termination of his parental rights inequitable. Appellant's Br. at

10. We therefore do not address his claims under CR 60(b)(6) and (11). RAP 2.5;

Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

However, it is clear from the record that the court considered and decided his motion

under CR 60(b)(1).

A party seeking to vacate a default judgment under CR 60(b)(1) must show (1) that substantial evidence supports at least a prima facie defense to the claim asserted by the opposing party; (2) that the failure to appear and answer was due to mistake, inadvertence, surprise, or excusable neglect; (3) that the moving party acted with due diligence after notice of the default judgment; and (4) that the opposing party will not suffer substantial hardship if the default judgment is vacated. White v. Holm, 73 Wn.2d 348, 352, 438 P.2d 581 (1968). These four factors "vary in dispositive significance as the circumstances of the particular case dictate." White, 73 Wn.2d at 352. Where the evidence supports a prima facie defense, the court will scrutinize more closely the reasons for failure to appear. Johnson v. Cash Store, 116 Wn. App. 833, 842, 68 P.3d 1099 (2003). If the moving party does not produce substantial evidence to support even a prima facie defense, there is no reason for further proceedings. Pfaff v. State Farm Mut. Auto. Ins. Co., 103 Wn. App. 829, 834, 14 P.3d 837 (2000).

Here, St. Clair argues that the court failed to recognize that the planned reunification between the children and Zegeye provided him with a strong defense to the Department's petition to terminate his parental rights. In particular, he argues that because the children were not being considered for adoption, the Department would have difficulty proving, under RCW 13.34.180(1)(e) and (f) and RCW 13.34.190(1)(b), that there is "little likelihood that conditions will be remedied" such that the children can be returned to him "in the near future," that continuation of his parental relationship with the children "clearly diminishes" their "prospects for early integration into a stable and permanent home," and that termination is in their best interests. See RCW 13.34.180(1)(e), (f). He claims the court abused its discretion by failing to "consider all

-6-

the requirements of the termination statute" when evaluating the strength of his defense. Appellant's Br. at 17. We disagree.

Although St. Clair's counsel did not cite specific provisions of RCW 13.34.180 and RCW 13.34.190 at the hearing, she repeatedly urged the court to consider that the default termination merely produced "fatherless children," "given that they're back with mom and that the plan is for them to remain with mom . . ." VRP at 16. Nothing in the record suggests that the court was unaware of the Department's burden of proof under RCW 13.34.180 and RCW 13.34.190 or that the court did not understand the Department's plan for reunification of the children and Zegeye. And St. Clair did not identify any evidence supporting a defense as to the facts of the dependency, his deficiencies as a parent, the Department's offered services, or his efforts to improve his parental deficiencies. See RCW 13.34.180(1)(a)–(e). On this record, St. Clair fails to demonstrate any abuse of discretion in the court's determination that he had not presented substantial evidence of a defense to the Department's termination petition.

St. Clair claims that his failure to appear was excusable because he was incarcerated from "early June to late December, 2013," and he mistakenly believed that he had to appear in person at the Office of Public Defense to obtain counsel. But he does not dispute that he was not in custody when he received written notice of the hearing, which included a telephone number for the Office of Public Defense, by certified mail on May 1, 2013. St. Clair did not offer any explanation for his failure to appear at the Office of Public Defense in May or to call that office at any time from the jail before the termination hearing. The court did not abuse its discretion by finding that St. Clair's failure to appear was not based on mistake or excusable neglect.

-7-

Similarly, the court did not abuse its discretion by finding that St. Clair failed to demonstrate due diligence following notice of the default when he offered no facts beyond his incarceration to explain his failure to file a motion to vacate the June 24, 2013 default order until January 2014. Because the court properly determined that these three factors did not weigh in favor of vacating the default judgment, the court did not abuse its discretion in denying St. Clair's motion.

Affirmed.

WE CONCUR:

_Spearman, C.J._

_Trickey, J_