IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MARY JAYNE WILES,<br><br>          Respondent,<br><br>         v.<br><br>ANGELA TEREK,<br><br>          Appellant. | No. 83015-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — Mary Wiles sued Angela Terek for conversion. After Terek failed to answer the complaint, the trial court entered an order of default and default judgment against Terek. Terek moved to vacate the default order and judgment, which the trial court denied. She appeals the denial of her motion. Finding no error, we affirm.

I. FACTS

In July 2018, Wiles and Terek's father entered into a settlement agreement involving a rental property dispute. This agreement acknowledged that Wiles furnished the rental home with her personal property and had the sole right, title, and interest to all said property. It provided that Wiles would be entitled to enter the home to retrieve her personal property and Terek's father would not remove, destroy or allow to be removed any such personal property in the home. The agreement was binding on their heirs, representatives, and successors.

Citations and pin cites are based on the Westlaw online version of the cited material.

After Terek's father died on February 5, 2020, Terek refused to give Wiles access to the rental home to retrieve her personal property. Later that month, Wiles filed a summons and a complaint alleging that Terek converted her personal property. She sought damages, requested a preliminary injunction, and obtained a temporary restraining order (TRO) forbidding Terek from selling or disposing of the disputed items.

Terek appeared through counsel at a March 2020 show cause hearing and opposed an extension of the TRO, alleging that her father had reimbursed Wiles for the personal property. The trial court extended the TRO. No further action ensued until June 2020, when Terek's counsel stopped representing her in this matter and she began defending herself pro se.[1] Neither Terek nor her former counsel had filed an answer to the complaint.

Five months later, in November 2020, Wiles mailed Terek notice and moved the trial court for an order of default, default judgment, and attorney fees pursuant to RCW 4.84.185. Terek did not respond and the trial court granted the motion.

In December 2020, in a separate matter, Terek's counsel told Wiles that she was unavailable. Nevertheless, Wiles moved to establish the amount of attorney fees in this matter. At a January 2021 fee hearing, Wiles alerted the trial court that Terek may be unavailable or attempting to avoid service. The trial court awarded Wiles attorney fees in the amount of $10,650.00.

Thereafter, Terek's former counsel entered a limited notice of appearance on her behalf and filed two *ex parte* emergency motions to stay or set aside default—the first

---

[1] Terek's counsel continued to represent her in two other related but separate matters.

one of which was denied. The second motion included a declaration from Terek saying she had been out of Washington since November 11, 2020 for health reasons, had not received "any mail or notification of a court hearing," and planned to return to Washington on January 20, 2021. The trial court denied the motion as to Wiles's ability to recover her personal property through a writ of execution, but stayed enforcement of the monetary judgment.

In February 2021, eight months after Terek's counsel originally withdrew, Terek filed her answer to the complaint and moved to vacate the order of default and default judgment, which was denied.

## II. ANALYSIS

Terek appeals from the order denying her motion to vacate and claims the trial court abused its discretion in so ruling.[2] We disagree.

A. Standard of Review

We review a trial court's decision on a motion to vacate under CR 60 for an abuse of discretion. Little v. King, 160 Wn.2d 696, 702, 161 P.3d 345 (2007). A trial court abuses its discretion only when its decision is manifestly unreasonable or is based on untenable grounds or untenable reasons. In re Marriage of Tang, 57 Wn. App. 648, 653, 789 P.2d 118 (1990).

---

[2] Though Terek contends that the trial court improperly granted Wiles's motion for default, we decline the implied invitation to review that decision. The procedure to challenge an allegedly defective judgment is by appeal from the judgment, not by appeal from a denial of a CR 60 motion. Bjurstrom v. Campbell, 27 Wn. App. 449, 451, 618 P.2d 533 (1980).

Terek also assigns error to the trial court's decision to award attorney fees under RCW 4.84.185. However, she does not present any argument to support this claim, so we will not review it on appeal. RAP 10.3(a)(6); Hollis v. Garwall, Inc., 137 Wn.2d 683, 689 n.4, 974 P.2d 836 (1999).

B.      "Vacatur" Under CR 55(c)(1)

Terek first asserts the trial court should have vacated the order of default pursuant to CR 55(c)(1) because she had good cause for not timely filing her answer.  Given that her counsel had appeared and defended against the TRO, Terek says she "reasonably believed she had appeared, answered, and defended" against Wiles's claims.  But CR 55(c)(1) is inapplicable here.

While this rule allows a trial court to *set aside a default order* "[f]or good cause shown and upon such terms as the court deems just," a party seeking this relief must do so prior to the entry of judgment.  CR 55(c)(1).  After "a judgment by default has been entered, [the court] may likewise set it aside *in accordance with rule 60(b)*."  CR 55(c)(1) (emphasis added).  Here, the trial court entered default judgment against Terek in December 2020 and Terek moved to set aside the order of default in January 2021 and asked that it be vacated under CR 55(c)(1) in February 2021.  Because the proper method for Terek to challenge the default order was governed by CR 60(b), the trial court did not abuse its discretion by denying her request for vacatur on this ground.

C.      Vacatur of the Default Order and Default Judgment

CR 60(b) instructs that a "court may relieve a party . . . from a final judgment, order, or proceeding" on 11 grounds.  Terek argues she was entitled to vacatur on three grounds.  We address them each in turn.

1.      Mistakes and Excusable Neglect

Terek relies on CR 60(b)(1), which authorizes a trial court to vacate an order or judgment due to "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order."  She claims she mistakenly believed "her former attorney

had responded to the lawsuit on her behalf" and it was excusable for her to believe all necessary pleadings had been filed.

The party seeking to vacate a default judgment under CR 60(b)(1) bears the burden of showing (1) substantial evidence to support a prima facie defense; (2) the failure to timely appear in the action and answer the complaint was due to mistake, inadvertence, surprise, or excusable neglect; (3) the moving party acted with due diligence after notice of the entry of default; and (4) the opposing party will not suffer substantial hardship if the trial court vacates the default. White v. Holm, 73 Wn.2d 348, 352, 438 P.2d 581 (1968). While the first and second factors are primary and the third and fourth are secondary, Id. at 352-53, all four factors are interdependent such that the strength of the showing on any one factor affects the showing needed on the others. Norton v. Brown, 99 Wn. App. 118, 124, 992 P.2d 1019 (1999).

If the moving party lacks a prima facie defense, the trial court will deny the motion to avoid a subsequent useless trial. Griggs v. Averbeck Realty, Inc., 92 Wn.2d 576, 583, 599 P.2d 1289 (1979). A defendant demonstrates a prima facie defense by producing evidence that if later believed by the trier of fact, constitutes a defense to the claims presented. TMT Bear Creek Shopping Ctr., Inc. v. Petco Animal Supplies, Inc., 140 Wn. App. 191, 202, 165 P.3d 1271 (2007). Therefore, affidavits supporting motions to vacate default judgments must set out the facts constituting a defense and cannot merely state allegations and conclusions. Ha v. Signal Elec., Inc., 182 Wn. App. 436, 449, 332 P.3d 991 (2014).

In this case, Wiles sued Terek for conversion. "Conversion is the unjustified, willful interference with a chattel which deprives a person entitled to the property of possession."

Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank, 80 Wn. App. 655, 674-75, 910 P.2d 1308 (1996). "[T]o maintain a conversion action, the plaintiff need only establish 'some property interest in the goods allegedly converted.'" Id. at 675 (quoting Michel v. Melgren, 70 Wn. App. 373, 376, 853 P.2d 940 (1993)). Although Terek asserted at the March 2020 TRO hearing that her father had reimbursed Wiles for the personal property at issue, her affidavit in support of her February 2021 motion to vacate offered no defense whatsoever to the conversion claim. Concluding that Terek presented insufficient evidence of a prima facie defense was a proper exercise of the trial court's discretion because it was based on tenable grounds and reasons. The trial court did not err in denying vacatur on this ground.[3]

### 2. Fraud

Terek alleges Wiles obtained default judgment by fraud. CR 60(b)(4) provides for the vacation of a judgment for fraud, misrepresentation, or other conduct of an adverse party. "[T]he fraudulent conduct or misrepresentation must *cause* the entry of the judgment such that the losing party was prevented from fully and fairly presenting its case or defense." Lindgren v. Lindgren, 58 Wn. App. 588, 596, 794 P.2d 526 (1990). On review, we look to determine whether the evidence shows that fraud, misrepresentation,

---

[3] Additionally, the trial court found Terek had ample time to file an answer to the complaint—approximately 10 months, including several of which she was represented by counsel—but failed to do so. While we are mindful of the difficulties Terek may have faced in proceeding pro se, in Washington, courts "must hold pro se parties to the same standards to which it holds attorneys." Edwards v. Le Duc, 157 Wn. App. 455, 460, 238 P.3d 1187 (2010). The court also found vacatur would have prejudiced Wiles given the "[c]onsiderable time and expense . . . incurred . . . in having to establish her burden of proof and rebut the misrepresentations made by [Terek] and her counsel."

or misconduct was "highly probable." Dalton v. State, 130 Wn. App. 653, 666, 124 P.3d 305 (2005).

Terek implies that once she left the country for health reasons, Wiles somehow was aware of this fact and pounced on the opportunity to file a motion for default. But Terek points to nothing in the voluminous record to support such conduct. Terek also states, upon noticing that she had not responded to the motion for default, Wiles should have reached out to Terek's former counsel and cease taking any further action. But Terek notes this was "not required" and only "a common professional courtesy." Absent evidence that Wiles obtained default judgment by fraud or misconduct, Terek's request for relief on this ground fails.

### 3. Other Reasons

Finally, Terek contends that there are "other reasons justifying relief" from the order of default and default judgment. CR 60(b)(11) allows the trial court to vacate for "[a]ny other reason justifying relief from the operation of the judgment." Courts utilize this rule only "to serve the ends of justice in extreme, unexpected situations." In re Det. of Ward, 125 Wn. App. 374, 379, 104 P.3d 751 (2005). Terek's motion to vacate mentioned CR 60(b)(11) but pointed to her status as a pro se litigant and how she did not receive notice due to her being out of the country. There was no justification for not filing an answer in nearly 10 months. Because she failed to establish any extraordinary circumstances requiring vacation of the order and judgment, the trial court did not abuse its discretion in denying her motion.

//

//

- 7 -

D.    Attorney Fees on Appeal

Terek requests an award of attorney fees and costs as the substantially prevailing party on appeal pursuant only to RAP 14.1 through 14.6.  But because she is not the prevailing party on review, her request is denied.

Wiles also seeks an award of attorney fees and costs on appeal under RAP 18.9, for defending a frivolous appeal, and based on a provision of the 2018 settlement agreement between her and Terek's father, which expressly was intended to bind his heirs and successors to the property in question.

An appeal is frivolous when it presents no debatable issues and is so devoid of merit that there is no reasonable possibility of reversal.  Streater v. White, 26 Wn. App. 430, 434, 613 P.2d 187 (1980).  We do not view Terek's appeal as frivolous, as her arguments are cogent, even if unavailing. Thus, Wiles's request for attorney fees on this ground is denied.

At paragraph 8, the settlement agreement provides:

Should any litigation be commenced between the Parties hereto related to this Agreement, the party prevailing in such litigation shall be entitled, in addition to other relief granted, to reasonable attorneys' fees and court costs.

Wiles attached the settlement agreement to her complaint and made Terek aware of the provision confirming Wiles's ownership of the personal property at issue.  This provision is not only "related to this Agreement," but in fact arises out of and is central to the dispute. Edmonds v. John L. Scott Real Estate, Inc., 87 Wn. App. 834, 855, 942 P.2d 1072 (1997) (holding that an action is "on a contract" if it arises out of the contract and the contract is central to the dispute). Thus we deem Wiles's conversion claim to be, in essence, an action to enforce the terms of the settlement agreement.  And, as Wiles is

the prevailing party here, she is entitled to reasonable attorney fees on appeal subject to compliance with RAP 18.1.

We affirm.

Díaz, J.

WE CONCUR:

Mann, J.                    Dwyer, J.